[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
The plaintiff brings this cause of action alleging the defendants engaged in a fraudulent securities scheme. Presently, before the court is the motion to dismiss of the defendant United Jersey Bank n/k/a Summit Bank (Summit Bank) for lack of personal jurisdiction. This court holds that Connecticut lacks personal jurisdiction over Summit Bank because it did not act purposely toward Connecticut in receiving the relevant escrow account involved in this case. In addition, Summit Bank does not have sufficient contacts with Connecticut for this court to exercise general jurisdiction over it.
 II.
This case arises out of alleged fraudulent misrepresentations or omissions in the offer or sale of interests in The Sterling Fund, LLC (Sterling Fund). The Sterling Fund is a Delaware limited liability company designed to purchase equipment subject CT Page 4629 to lease-purchase obligations of state and local governments. The plaintiff Murray Wellner, a resident of West Hartford, received a prospectus concerning the Sterling Fund. According to the prospectus of the Sterling Fund, Summit Bank would provide banking services and receive subscriptions for the company. On December 30, 1995, the plaintiff invested in the Sterling Fund by endorsing a personal check to Summit Bank as "escrow agent" in the amount of $500,000. On August 5, 1996, the plaintiff filed suit against Summit Bank and seven other defendants alleging a violation of the Connecticut Uniform Securities Act, common law fraud, negligent misrepresentation, a violation of CUTPA, breach of fiduciary duty, and civil conspiracy.[1] He alleges that the prospectus was false and misleading.
On October 1, 1996, Summit Banks senior vice president Richard Rein submitted an affidavit to the court. According to this affidavit, Summit Bank is a bank organized under the laws of New Jersey. It has never had an office or branch in Connecticut. In addition, Summit Bank does not advertise with Connecticut newspapers, radio stations or television stations, and it does not specifically seek the business of Connecticut residents with its advertisements.
According to Rein's affidavit, Summit Bank's Corporate Trust Department received the plaintiff's funds in New Jersey. The Corporate Trust Department did not solicit this business or similar business in the state of Connecticut. The arrangement that Summit Bank had for receipt of such funds did not call for it to perform any acts in Connecticut and none of the other defendants in the lawsuit were authorized to act as Summit Bank's agent.
The plaintiff filed his complaint against Summit Bank and the other defendants on August 5, 1996. Summit Bank filed its motion to dismiss on October 1, 1996 claiming that this court lacks personal jurisdiction over it. Summit Bank and the plaintiff have filed memoranda of law supporting their respective positions. This court heard oral argument on December 7, 1998.
 III.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks CT Page 4630 omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 263, 571 A.2d 696 (1990). "A motion to dismiss admits all facts well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). When a defendant challenges a courts jurisdiction over it, it is the plaintiff's burden to prove facts that establish the requisite minimum contacts when those facts are contested. See StandardTallow Corp. v. Jowdy, 190 Conn. 48, 53-54, 459 A.2d 503 (1983).
A court may exercise jurisdiction over a foreign corporation only if the defendants interstate activities meet the requirements of the Connecticut long-arm statute, General Statutes § 33-929, and the due process clause of the United States constitution. See Thomason v. Chemical Bank,234 Conn. 281, 285-86, 661 A.2d 595 (1995).
 IV.
Under Connecticut law, "[e]very foreign corporation [is] subject to suit in this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state if the corporation has repeatedly so solicited business. . .; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state . . .; or (4) out of tortious conduct in this state. . . ." General Statutes §33-929(f). This statute requires this court to inquire not only into the various elements of the plaintiffs cause of action spelled out in its various subparts, but also into the "totality of contacts which the defendant may have with the forum."Thomason v. Chemical Bank, supra, 234 Conn. 291.
Summit Bank claims that it lacks sufficient contacts with CT Page 4631 Connecticut for this court to exercise personal jurisdiction over it. Summit Bank contends that the plaintiff has not proven that it is subject to jurisdiction under either the Connecticut long-arm statute or the due process clause of the United States constitution. The plaintiff insists that Summit Bank has satisfied subdivisions (1), (2) and (4) of the long-arm statute and constitutional due process requirements for the exercise of personal jurisdiction.[2]
 A.
According to General Statutes § 33-929(f)(4), a Connecticut court may exercise personal jurisdiction over a foreign corporation if the cause of action arises "out of tortious conduct in this state. . . ." False representations entering Connecticut by wire or mail constitute tortious conduct under General Statutes § 33-929(f)(4). See Knipple v. VikingCommunications, 236 Conn. 602, 610, 674 A.2d 426 (1996). In his complaint, the plaintiff alleges that Summit Bank committed tortious conduct within Connecticut by delivering a false and misleading prospectus to the plaintiff. The plaintiff insists that the other defendants acted as the agents of Summit Bank when they fraudulently secured the plaintiff's investment. Summit Bank relies upon the affidavit of Richard Rein, its senior vice president, which states that none of the other defendants were authorized to act as the banks agents.[3]
Examining the allegations in the complaint and the evidence presented by the parties, this court concludes that Summit Bank lacks sufficient contacts with Connecticut to exercise personal jurisdiction over it based upon tortious conduct within Connecticut. The Sterling Fund's prospectus provided that Summit Bank would provide banking services for the Sterling Fund and receive compensation on a per-check basis. Clearly, Summit Bank would benefit from the success of the Sterling Fund. The plaintiff, however, has failed to demonstrate how Summit Bank could reasonably expect to be haled into court in Connecticut merely receiving subscriptions for a Delaware limited liability company. See Thomason v. Chemical Bank, supra, 234 Conn. 296.
In order to demonstrate that Summit Bank engaged in tortious conduct in Connecticut, the plaintiff must prove that Summit Bank acted as the principal in an agency relationship with the other defendants. "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the CT Page 4632 principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Internal quotation marks omitted.) Hallas v.Boehmke Dobosz, Inc., 239 Conn. 658, 673, 686 A.2d 491 (1997). Other than citing the provisions in the Sterling Funds prospectus providing that Summit Bank would provide its banking services, the plaintiff presented no evidence to support his contention that the other defendants acted as the agents of Summit Bank in dealing with him. Summit Bank indicates that it did not authorize any of the defendants to act as its agents. The plaintiff has the burden of proving that Summit Bank engaged in tortious conduct in Connecticut. This court holds that he has failed to sustain that burden.
 B.
Connecticut's long-arm statute also permits the exercise of jurisdiction over a foreign corporation if a cause of action arises "out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business. . . ." General Statutes § 33-929(f)(2). "Although [General Statutes § 33-929 (f)(2)] requires that the cause of action `arise out of' a defendant's contacts with the state, it does not require that the cause of action and the contacts be causally connected." Thomason v. Chemical Bank supra,234 Conn. 292. Based upon the plaintiff's failure to prove an agency relationship between Summit Bank and the other defendants, the plaintiff has not proven that Summit Bank solicited his investment in the Sterling Fund.
The plaintiff, however, indicates that Summit Bank has many Connecticut customers including 956 demand deposit account customers and 627 savings account customers.[4] Based upon advertisements included in mailings to these customers, the plaintiff claims that Summit Bank has solicited business from Connecticut customers and that conduct satisfies General Statutes § 33-929(f)(2), citing Thomason v. Chemical Bank, supra, as support.
In Thomason v. Chemical Bank, supra, 234 Conn. 282, nine Connecticut residents, beneficiaries of a certain trust, brought an action against the trustee Chemical Bank in a Connecticut court. Chemical Bank was incorporated, and had its principal place of business in New York. Id. The trust agreement was CT Page 4633 executed in New York and provided that it should be governed by New York law. Id., 283. All communications relative to the trust were to be addressed to the settlor's New York office, and the assets of the trust were held and administered in New York. Id., 284. Chemical Bank had no offices in Connecticut. Id.
Despite its lack of contact with Connecticut in dealing with the trust, Chemical Bank placed advertisements in national publications, including Business Week and the Wall Street Journal, stating that it offered "`depth and breadth of services.'" Id. Chemical Bank also participated as mortgagee "in a substantial number of mortgage transactions in this state and has issued credit cards to a substantial number of Connecticut residents." Id., 284-85. In addition, its credit card statements to Connecticut customers contained advertisements for "miscellaneous merchandise." Id., 285. The Connecticut Supreme Court found these contacts sufficient to subject Chemical Bank to personal jurisdiction within Connecticut under the long-arm statute. Id. The court stated that it was foreseeable that Chemical Bank's general advertisements within newspapers and magazines with a substantial circulation within Connecticut would result in one or more Connecticut customers opening a trust account and thereafter suing within Connecticut for the misadministration of the trust. Id., 298.
Based upon the facts of the present case, this court concludes that Summit Bank is not subject to personal jurisdiction under General Statutes § 33-929(f)(2). In order to properly state a cause of action under General Statutes §33-929(f)(2), "[a] plaintiff need only demonstrate that the defendant could reasonably have anticipated being haled into court here by some person who had been solicited in Connecticut and that the plaintiffs cause of action is not materially different from an action that might have resulted directly from that solicitation." Thomason v. Chemical Bank, supra,234 Conn. 296.[5] The plaintiff has failed to present any evidence concerning what it solicited, if it solicited any business in its mailings at all.[6] The only evidence that this court has concerning the contents of Summit Banks mailings is contained within the conclusory statement in Reins affidavit stating "[t]he Corporate Trust Department did not solicit this business or similar business in the State of Connecticut." This statement, however, does not answer the question of whether Summit Bank solicited general banking business within Connecticut similar to the defendant in Thomason v. Chemical Bank, supra. CT Page 4634
Even if this court assumed that Summit Bank did solicit business within Connecticut, there is no evidence as to the frequency of these advertisements. Without a causal connection between the alleged solicitations and the plaintiffs claim, the plaintiff must establish that Summit Banks conduct was "continuous and systematic." See Helicopteros Nacionales deColombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868,80 L.Ed.2d 404 (1984). Since the plaintiff has failed to prove either a causal connection between the alleged solicitation or that the alleged solicitation was continuous and systematic, this court may not exercise jurisdiction over the plaintiff under § 33-929(f)(2) of the Connecticut long-arm statute.
 C.
General Statutes § 33-929(f)(1) provides that a foreign corporation is subject to personal jurisdiction in Connecticut if the cause of action arises "[o]ut of any contract made in this state or to be performed in this state. . . ." The plaintiff argues that this cause of action arises out of his acceptance of the offer set forth in the prospectus, and therefore, this court may exercise jurisdiction over Summit Bank under General Statutes § 33-929 (f)(1).
"Under Connecticut law, a contract is deemed made where the last act is done which is necessary to create an effective agreement between the parties." United Technologies Corp. v.American Home Assurance Co., 989 F. Sup. 128, 134 (D. Conn. 1997). The plaintiff claims that the Sterling Fund's prospectus was an offer which the plaintiff accepted. This court does not agree with the plaintiff's conclusion. If the prospectus was an offer at all, it was not an offer by Summit Bank or one of its agents. Since Summit Bank did not make an offer to the plaintiff, the plaintiff had to mail his check to Summit Bank and Summit Bank had to accept this check in order for a binding escrow contract to occur. Rein's affidavit indicates that Summit Banks receipt of the plaintiff's funds took place entirely in New Jersey. This court holds the last act necessary to create a contract between Summit Bank and the plaintiff was Summit Bank's receipt and acceptance of the plaintiff's check in New Jersey. Therefore, any contract between the plaintiff and Summit Bank would have been made in New Jersey.
Summit Bank also indicates that it did not perform any acts CT Page 4635 in Connecticut in relation to its receipt of the plaintiff's funds. General Statutes § 33-929(f)(1) does not require "performance in this state by the party over whom jurisdiction is sought." Bowman v. Grolsche Bierbrouwerij B.V., 474 F. Sup. 725,731-32 (D. Conn. 1979). Performance of the contract in Connecticut, however, must be "clearly contemplated or required in this state" in order for a court to exercise personal jurisdiction over a defendant that has no other contacts with the state under General Statutes § 33-929(f)(1). (Internal quotation marks omitted.) Chemical Trading v. Manufacture deProduits de Tournan, 870 F. Sup. 21, 23-24 (D. Conn. 1994). Payments by a Connecticut plaintiff to a nonresident defendant by themselves are not sufficient performance in the state for a Connecticut court to exercise jurisdiction. See Coan v. BellAtlantic Systems Leasing International, Inc., 813 F. Sup. 929,944 (D. Conn. 1990)[7] In the present case, it is undisputed that the plaintiff mailed a check to Summit Bank in New Jersey in order to invest in the Sterling Fund. This action, however, is Summit Banks only substantial contact with the plaintiff during this transaction. The arrangement that Summit Bank had for receipt of these funds did not call for it to perform any acts in Connecticut. Performance of Summit Banks functions in relation to the Sterling Fund would occur in New Jersey.
The Connecticut Supreme Court has stated that "[a]rguably, even incidental acts of performance of contracts in this state would come within [General Statutes § 33-929] if the defendant had other significant contacts with this state." Lombard Bros.,Inc. v. General Asset Management Co., 190 Conn. 245, 256-57,460 A.2d 481 (1983). Considering Summit Banks contacts with Connecticut under each individual subsection of the long-arm statute and the totality of Summit Banks contacts with Connecticut, it would be inappropriate to exercise jurisdiction over it under General Statutes § 33-929(f).
 V.
Even if this court concluded that it may properly exercise jurisdiction over Summit Bank based upon the Connecticut long-arm statute, Summit Bank lacks sufficient contacts with Connecticut for this court to exercise personal jurisdiction under the due process clause of the United States constitution. "The federal due process clause permits state courts to exercise in personam jurisdiction over a nonresident corporate defendant that has `certain minimum contacts with [the forum] such that the CT Page 4636 maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" (Internal quotation marks omitted.) Thomason v. Chemical Bank, supra, 234 Conn. 287, quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, supra,466 U.S. 414. "Either `specific' jurisdiction or `general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. A state court will have specific jurisdiction over a nonresident defendant whenever the defendant has purposely directed [its] activities at residents of the forum . . . and the litigation [has] result[ed] from alleged injuries that arise out of or relate to those activities. . . . Alternatively, [e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction if the defendant has had continuous and systematic general business contacts with the state." (Citations omitted; internal quotation marks omitted.) Thomason v. ChemicalBank, supra, 234 Conn. 287-88; see also Burger King Corp. v.Rudzewicz, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, supra,466 U.S. 414, 416; Keeton v. Hustler Magazine, Inc.,465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).
 A.
The plaintiff has failed to prove that the facts that give rise to this cause of action permit this court to exercise jurisdiction over Summit Bank. The United States Supreme Court has consistently held that "`[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendants activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" BurgerKing Corp. v. Rudzewicz, supra, 471 U.S. 474-75, quoting Hanson v.Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The plaintiff's cause of action against Summit Bank arises out of the plaintiff sending a check to Summit Bank in New Jersey as the escrow agent of the Sterling Fund. Richard Reins affidavit indicates that Summit Bank did not solicit the plaintiffs business or similar business in Connecticut, and the receipt of the plaintiff's funds took place entirely in New Jersey. This CT Page 4637 court holds that Summit Banks relationship with the plaintiff did not arise out of purposefully directed conduct by Summit Bank toward Connecticut.
 B.
Even if the plaintiff's cause of action against Summit Bank does not arise out of Summit Banks contacts with Connecticut, this court may exercise general jurisdiction over Summit Bank if it has been carrying on in Connecticut "a continuous and systematic, but limited, part of its general business" and the exercise of such jurisdiction is "reasonable and just." SeeThomason v. Chemical Bank, supra, 234 Conn. 300; HelicopterosNacionales de Colombia, S.A. v. Hall, supra, 466 U.S. 414; Perkinsv. Benguet Consolidated Mining Co., 342 U.S. 437, 438, 445,72 S.Ct. 413, 96 L. Ed 485 (1952). "While it has been held . . . that continuous activity of some sorts within a state is not enough to support that the corporation be amenable to suits unrelated to that activity . . . there have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." International Shoe Co. v. Washington,326 U.S. 310, 318, 66 5. Ct. 154, 90 L.Ed. 95 (1945); see Keeton v. HustlerMagazine, Inc., supra, 465 U.S. 779-80.
In support of its contention that Summit Bank has sufficient minimum contacts with Connecticut, the plaintiff relies upon Summit Bank's responses to interrogatories in which Summit Bank indicates that it has a number of checking and savings account customers in Connecticut. Undoubtedly, these customers would receive monthly statements of their account from Summit Bank and Summit Bank would understand that these customers reside in Connecticut when it mails such materials.
In spite of these contacts, this business does not demonstrate sufficient contact with Connecticut for this court to exercise general jurisdiction over Summit Bank. By sending monthly statements to its customers, Summit Bank would develop a continuous relationship with this state. The facts, however, indicate that Summit Banks contacts in Connecticut were extremely limited compared to those cases in which courts have exercised general jurisdiction.[8] Summit Bank's contacts with the forum constitute significantly less than one percent of its bankwide business and a minor share of Connecticut's market. Unlike the CT Page 4638 defendant in Thomason v. Chemical Bank, supra, the plaintiff has only alleged that Summit Bank advertised to its own customers and conducted other minor business within the state. Summit Bank would not reasonably expect to be haled into a Connecticut court for a cause of action that does not arise out of any solicitation within this state when it has such limited contacts with this state. Summit Banks contacts with Connecticut are insufficient for this court to conclude that it would be reasonable and just to exercise jurisdiction over it based upon its failure to properly administer this account.
 VI.
In conclusion, the plaintiff has failed to prove that Summit Bank is subject to personal jurisdiction under General Statutes § 33-929 (f). The plaintiff has failed to demonstrate that the other defendants acted as the agents of Summit Bank when it allegedly engaged in tortious activities in Connecticut. This court also lacks evidence for it to conclude that Summit Bank engaged in solicitation within Connecticut. Even if this court assumes that Summit Bank did solicit customers within the state, the plaintiff has failed to show a causal connection between the plaintiffs cause of action and any advertisements. It also failed to demonstrate that Summit Bank "continuously and systematically" advertised within the state. Finally, the escrow contract between the plaintiff and Summit Bank was neither made nor performed in Connecticut.
Under due process requirements, the plaintiff has failed to prove that the present controversy arises out of Summit Banks purposefully directed conduct toward the forum state. In addition, Summit Bank lacks sufficient contacts with Connecticut for this court to exercise general jurisdiction over it.
Accordingly, the motion to dismiss is granted.
Peck, J.